[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff is a building contractor. The plaintiff and the defendant signed an agreement, dated May 9, 1989, attached to the complaint and this motion. Under the written agreement the plaintiff agreed to perform certain roofing work on the defendant's property for the sum of $4,600. The complaint contains three counts all of which spring from the defendant's failure to pay $4,600 after the work was performed by the plaintiff. The first count claims breach of contract. The second count is for the value of the work, which is claimed to be the agreed price, and the third count is for reasonable value of labor and materials, again claimed to be reasonably worth $4,600.
The defendant has moved for summary judgment claiming CT Page 2877 that any cause of action is barred by section 20-429 C.G.S., which is part of the Home Improvement Act (HIA) and provisions of the Home Solicitations Sales Act (HSSA), section 42-134 et seq. C.G.S., which is incorporated by reference into the HIA by section 20-429(e) C.G.S. Except for the contract between the parties, neither party has filed any affidavits or documentary evidence in support of or in opposition to the motion for summary judgment. A summary judgment may be granted under section 384 of the Connecticut Practice Book where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Bartha v. Waterbury Housewrecking Co.190 Conn. 8, 11. There is no material, disputed factual issue here. Section 20-429 (a) provides:
 "No home improvement contract shall be valid or enforceable against an owner unless it: (1) is in writing, (2) is signed by the owner and the contractor, (3) contains the entire agreement between the owner and the contractor, (4) contains the date of the transaction, (5) contains the name and address of the contractor, (6) contains a notice of the owner's cancellation rights in accordance with the provisions of Chapter 740, (7) contains a starting date and a completion date and (8) is entered into by a registered salesman or a registered contractor. Each change in the terms and conditions of a contract shall be in writing and shall be signed by the owner and contractor."
The contract here meets requirements (1), (2), (3) and (4) of the statute. It does not contain the address of the contractor, contain any notice of the owner's cancellation rights or a starting and completion date, and in these respects fails to conform with subsections (5), (6) and (7) of the statute. It is not clear from the record whether subsection (8) is met, since the agreement does not disclose whether the plaintiff is a registered contractor. Since the plaintiff is a contractor and roof repairs are a home improvement, this statute applies here and was not complied with.
The contract is also governed by the HSSA because the agreement between the parties, entered into May 9, 1989, is subsequent to the effective date of section 20-429 (e) of the General Statutes. That statute provides that any home improvement contract is considered a home solicitation sale under Chapter 740 (the HSSA) and is subject to the requirements of the HSSA. The primary consumer protection provision in the HSSA is section 42-135a, which defines CT Page 2878 certain specified cancellation notices that must be given to the homeowner. The contract here does not contain anything remotely complying with that provision.
An action for breach of contract is barred by section 20-429(a). Caulkins v. Petrillo, 200 Conn. 713, 720. Where the parties have entered into a written agreement, the contractor cannot recover on grounds of quantum meruit. A. Secondino Son, Inc. v. LoRicco, 215 Conn. 336, 340; Sidney v. DeVries, 215 Conn. 350, 354; Barrett Bros. v. Miller,215 Conn. 316. Recovery is also barred on an implied or quasi-contract theory. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,349, 350. See also A. Secondino Son, Inc. v. LoRicco, supra, 340; Barrett Bros. v. Miller, supra, 328. While this result may be unfair in some cases, as recognized in the dissenting opinion in Barrett Bros. v. Miller, supra, 329, the cases cited require a legal conclusion that the plaintiff cannot recover on its complaint.
The motion for summary judgment is granted.
ROBERT A. FULLER, JUDGE