[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, John F. Carr, Jr., initiated this action against CT Page 3729 defendant, Gabor Szilagyi, to foreclose a mechanic's lien against property owned by the defendant. The lien is recorded in the New Milford Land Records and arises from improvements rendered by plaintiff pursuant to a contract between plaintiff and defendant dated May 31, 1989,
On September 6, 1990 defendant filed an answer and special defense. In the special defense, defendant claims the contract between the parties does not meet the requirements of Conn. Gen. Stat, 20-249, The Home Improvement Act.
On October 11, 1990, defendant filed a motion for partial summary judgment and a supporting memorandum of law. On November 13, 1990, plaintiff filed a memorandum of law in opposition to the motion for partial summary judgment. "Summary judgment shall be rendered if the pleadings, affidavits, and other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Conn. Practice Bk. 384 (rev'd to 1978, as updated to October 1, 1989). The moving party must show the absence of any material disputed issues. Fogarty v. Rashaw, 193 Conn. 442,445 (1984). When deciding a motion for summary judgment, "the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500 (1985). Defendant, in support of the motion for partial summary judgment, argues the contract between the parties does not meet the requirements of The Home Improvement Act or the Home Solicitation Sales Act. Defendant relies on Barrett Builders v. Miller, 215 Conn. 316 (1990) and A. Secondino Sons, Inc. v. LoRicco,215 Conn. 336 (1990).
Plaintiff, in opposition to the motion for partial summary judgment, contends a genuine issue of material fact exists as to whether The Home Improvement Act or Home Solicitation Sales Act should apply to the contract between the parties. Plaintiff argues the services performed by plaintiff pursuant to the contract were furnished for commercial or business use. Plaintiff argues Conn. Gen. Stat. Section 20-419 (4) exempts services furnished for commercial or business use from the scope of The Home Improvement Act.
Conn. Gen. Stat. Section 20-419 (4) provides in pertinent part: "[H]ome improvement does not include: . . .(c) the sale of goods or services furnished for commercial or business use or for resale. . . ." Conn. Gen. Stat. section 20-419.
The court finds that a genuine issue of material fact exists as to whether the improvements rendered by plaintiff, pursuant to the contract, were for home use or for commercial or business use. Accordingly, defendant's motion for partial summary judgment is denied.
DRANGINIS, J. CT Page 3730