## A. Secondino and Son, Inc. *v.* Richard A. LoRicco et al.
## (13773)

Peters, C. J., Shea, Callahan, Glass and Hull, Js.

Argued February 6—decision released June 12, 1990

*Richard B. Cramer,* for the appellant-appellee (plaintiff).

*Paul M. Sabetta,* for the appellee-appellant (named defendant).

*Clarine Nardi Riddle,* attorney general, and *Robert M. Langer, Stephen R. Park* and *Neil G. Fishman,* assistant attorneys general, submitted a brief on behalf of the state as amicus curiae.

PETERS, C. J. The principal issues in this case are: (1) the right of a home improvement contractor who has failed to comply with the written contract requirement of the Home Improvement Act; General Statutes § 20-429;[1] to recover damages, under theories of quasi contract, for completed home improvements; and (2) the right of a homeowner to recover compensatory and punitive damages pursuant to the Connecticut Unfair Trade Practices Act (CUTPA); General Statutes § 42-110a et seq.; for violation of the Home Improvement Act. The plaintiff, A. Secondino & Son, Inc., initiated this action for damages under theories of breach of contract, quantum meruit and unjust enrichment against the defendant, Richard A. LoRicco,[2] who filed an answer claiming, inter alia, that

[1] General Statutes (Rev. to 1987) § 20-429 provides in pertinent part: "CONTRACT TO BE IN WRITING. NEGATIVE OPTION PROVISIONS PROHIBITED. OWNER TO RECEIVE COPY. REQUIRED PROVISIONS. (a) No home improvement contract shall be valid unless it is in writing and unless it contains the entire agreement between the owner and the contractor. . . .

"(c) The contractor shall provide and deliver to the owner, without charge, a completed copy of the home improvement contract at the time such contract is executed."

Prior to 1986, the provision now codified as subsection (c) was subsection (b). See Public Acts 1986, No. 86-94. The substance of the provision was not changed in the recodification. Amendments to § 20-429, in 1988, which added several other required provisions for a valid contract; Public Acts 1988, No. 88-269, § 9, No. 88-364, §§ 108, 123; are not relevant to our analysis since the transactions in this case took place prior to the effective date of the amendments.

[2] Lucille M. LoRicco was originally also a party defendant, but the plaintiff has withdrawn its claims against her.

recovery was barred by the Home Improvement Act.[3] The defendant also filed a counterclaim alleging that the plaintiff's conduct was an unfair trade practice under CUTPA.[4] The trial court ruled in favor of the defendant on the complaint and in favor of the plaintiff on the counterclaim. The plaintiff appealed to the Appellate Court and the defendant filed a cross appeal; we transferred this case to ourselves pursuant to Practice Book § 4023. We affirm the judgment of the trial court.

The trial court found the following undisputed facts. The defendant, an experienced lawyer, requested the plaintiff, a building contractor principally engaged in commercial work, to come to the defendant's home to discuss certain home improvements.[5] The parties orally agreed that the plaintiff would construct a garage and driveway and install a heating system, flooring and kitchen countertops, for which the defendant would pay at the rate of cost plus fifteen percent. No written contract existed between the parties and the defendant never received notice concerning any right that he might have to cancel the contract. Prior to completion of the project, the defendant discontinued progress payments and the plaintiff stopped work. The total bill-

---

[3] The defendant also filed four other special defenses, not at issue in this appeal, denying liability on the grounds that the plaintiff had: (1) rendered defective materials and workmanship; (2) repudiated the contract by failing to complete the project; (3) failed to comply with the time element of the contract; and (4) failed to comply with the Home Solicitation Sales Act; General Statutes § 42-134a et seq.; and the federal Trade Regulation Rule Concerning a Cooling-Off Period for Door-to-Door Sales. 16 C.F.R. 429.

[4] The counterclaim also included claims for damages for breach of an oral contract, defective materials and workmanship, and detrimental reliance. These claims are not involved in this appeal.

[5] The plaintiff had been engaged in commercial construction for the defendant on an unrelated project. At trial, the plaintiff alleged that the improvements for which he seeks remuneration were also commercial in nature and that, as a consequence, the Home Improvement Act did not apply to the transaction. The trial court rejected this contention, however, and the plaintiff has not challenged the court's finding of fact in this appeal.

ings for the project amounted to $43,062.70, for which the plaintiff claims a balance due of $17,062.70.

The plaintiff initiated the present action to recover the balance allegedly due under the oral agreement, or, in the alternative, for the reasonable value of its services and materials under a theory of quantum meruit or of unjust enrichment of the defendant. The defendant denied liability on the ground that the plaintiff's failure to comply with the written contract requirement of the Home Improvement Act precluded any recovery. In addition, the defendant filed a counterclaim alleging that the plaintiff's failure to provide a written contract containing notice of the defendant's cancellation rights violated the Home Improvement Act, the Home Solicitation Sales Act; General Statutes § 42-134a et seq.; and the federal Trade Regulation Rule Concerning a Cooling-Off Period for Door-to-Door Sales; 16 C.F.R. 429; and that, as a consequence, he was entitled to compensatory and punitive damages under CUTPA.

The trial court held that the plaintiff's failure to comply with the written contract requirement of § 20-429 barred the quantum meruit and unjust enrichment claims as well as the claim for breach of contract. The trial court also rejected each of the defendant's counterclaims. The court held that the defendant had failed to sustain his burden of proof in establishing that the plaintiff should be liable for untimely performance, since nothing in the oral agreement specified that time was of the essence, and concluded that the plaintiff had justifiably repudiated the contract due to the defendant's failure to make the payments due for completed work. The court further found that the defendant had failed to prove that the plaintiff had caused the alleged defects in materials and workmanship. Finally, the court concluded that the defendant had not demonstrated that the plaintiff's conduct constituted an unfair

or deceptive trade practice, and, furthermore, that the defendant had failed to present any evidence demonstrating that he had sustained damages as a result of the alleged violation. In response to a motion for articulation, the court noted that "[t]he facts of this case . . . [do] not fall within the Home Solicitation Act and [fall] within the exceptions of § [42-134a (a) (4)]."[6]

On appeal, the plaintiff argues that the trial court mistakenly interpreted the Home Improvement Act to bar recovery for his quantum meruit and unjust enrichment claims. While conceding that failure to comply with the written contract requirement of § 20-429 precludes recovery for breach of the oral agreement, he contends that the legislature did not intend to abrogate the common law restitutionary causes of action by which a party may recover for materials and for services performed despite the absence of an enforceable contract. We have fully addressed this issue in *Barrett Builders* v. *Miller,* 215 Conn. 316, 576 A.2d 455 (1990), which we have also released today. After a full examination and discussion of the merits of such a claim by a contractor similarly situated to the plaintiff, we concluded that, absent proof of bad faith on the part of the homeowner, § 20-429 permits no recovery in quasi contract by a contractor who has failed to comply with the statute's written contract requirement. Id., 323. Accordingly, we conclude that the trial court correctly rejected the plaintiff's quantum meruit and unjust enrichment claims.[7]

---

[6] General Statutes § 42-134a (a) provides in pertinent part: "The term 'home solicitation sale' does not include a transaction . . . (4) in which the buyer has initiated the contact and specifically requested the seller to visit his home for the purpose of repairing or performing maintenance upon the buyer's personal property."

[7] The defendant also argues that the oral agreement for home improvements is void by virtue of the plaintiff's failure to comply with the requirements of the Home Solicitation Sales Act. We need not address this contention, however, since we have concluded that the Home Improvement Act precludes any recovery on the plaintiff's claims.

In his cross appeal, the defendant asserts two arguments in support of his contention that the trial court wrongly concluded that he is not entitled to compensatory and punitive damages under CUTPA. The defendant first argues that the trial court should have found the Home Solicitation Sales Act applicable to the transaction in this case. According to the defendant, the court mistakenly relied upon an exception contained in that statute for transactions in which the contractor visits the home at the homeowner's request. See General Statutes § 42-134a (a) (4). That exception, the defendant argues, applies only to transactions involving the repair or maintenance of personalty, and is thus inapplicable to the present agreement for the renovation of real property. Secondly, the defendant contends that the plaintiff's failure to provide the defendant with a signed and dated written contract containing notice of the defendant's right to cancel the contract within three days after entering into the agreement amounted to a violation of the Home Solicitation Sales Act,[8] the

---

[8] The relevant provision of the Home Solicitation Sales Act is General Statutes § 42-135a, which provides in pertinent part: "NOTICE IN SALES AGREEMENT. NOTICE OF CANCELLATION. DUTIES OF SELLER. No agreement of the buyer in a home solicitation sale shall be effective if it is not signed and dated by the buyer or if the seller shall:

"(1) Fail to furnish the buyer with a fully completed receipt or copy of all contracts and documents pertaining to such sale at the time of its execution, which contract shall be in the same language as that principally used in the oral sales presentation and which shall show the date of the transaction and shall contain the name and address of the seller, and in immediate proximity to the space reserved in the contract for the signature of the buyer, or on the front page of the receipt if a contract is not used, and in boldface type of a minimum size of ten points, a statement in substantially the following form:

"YOU, THE BUYER, MAY CANCEL THIS TRANSACTION AT ANY TIME PRIOR TO MIDNIGHT OF THE THIRD BUSINESS DAY AFTER THE DATE OF THIS TRANSACTION. SEE THE ATTACHED NOTICE OF CANCELLATION FORM FOR AN EXPLANATION OF THIS RIGHT.

"(2) Fail to furnish each buyer, at the time he signs the home solicitation sales contract or otherwise agrees to buy consumer goods or services

federal Trade Regulation Rule Concerning a Cooling-Off Period for Door-to-Door Sales and the Home Improvement Act. Violation of these statutes, the defendant contends, constitutes an unfair trade prac-

from the seller, a completed form in duplicate, captioned 'NOTICE OF CAN-CELLATION,' which shall be attached to the contract or receipt and easily detachable, and which shall contain in ten-point boldface type the following information and statements in the same language as that used in the contract:

NOTICE OF CANCELLATION

. . . (Date of Transaction)

"YOU MAY CANCEL THIS TRANSACTION, WITHOUT ANY PENALTY OR OBLIGATION, WITHIN THREE BUSINESS DAYS FROM THE ABOVE DATE.

"IF YOU CANCEL, ANY PROPERTY TRADED IN, ANY PAYMENTS MADE BY YOU UNDER THE CONTRACT OR SALE, AND ANY NEGOTIABLE INSTRUMENT EXECUTED BY YOU WILL BE RETURNED WITHIN TEN BUSINESS DAYS FOLLOWING RECEIPT BY THE SELLER OF YOUR CANCELLATION NOTICE, AND ANY SECURITY INTEREST ARISING OUT OF THE TRANSACTION WILL BE CANCELLED.

"IF YOU CANCEL, YOU MUST MAKE AVAILABLE TO THE SELLER AT YOUR RESIDENCE, IN SUBSTANTIALLY AS GOOD CONDITION AS WHEN RECEIVED, ANY GOODS DELIVERED TO YOU UNDER THIS CONTRACT OR SALE; OR YOU MAY, IF YOU WISH, COMPLY WITH THE INSTRUCTIONS OF THE SELLER REGARDING THE RETURN SHIPMENT OF THE GOODS AT THE SELLER'S EXPENSE AND RISK.

"IF YOU DO MAKE THE GOODS AVAILABLE TO THE SELLER AND THE SELLER DOES NOT PICK THEM UP WITHIN TWENTY DAYS OF THE DATE OF CANCELLATION, YOU MAY RETAIN OR DISPOSE OF THE GOODS WITHOUT ANY FURTHER OBLIGATION. IF YOU FAIL TO MAKE THE GOODS AVAILABLE TO THE SELLER, OR IF YOU AGREE TO RETURN THE GOODS TO THE SELLER AND FAIL TO DO SO, THEN YOU REMAIN LIABLE FOR PERFORMANCE OF ALL OBLIGATIONS UNDER THE CONTRACT.

"TO CANCEL THIS TRANSACTION, MAIL OR DELIVER A SIGNED AND DATED COPY OF THIS CANCELLATION NOTICE OR ANY OTHER WRITTEN NOTICE, OR SEND A TELEGRAM TO . . . (Name of Seller) AT . . . (Address of Seller's Place of Business) NOT LATER THAN MIDNIGHT OF . . . (Date)

"I HEREBY CANCEL THIS TRANSACTION.

". . . (Date)

. . . (Buyer's Signature)"

tice under CUTPA, and thus entitles him to compensatory and punitive damages. On the present record, we are not persuaded.

A party seeking to recover damages under CUTPA must meet two threshold requirements. First, he must establish that the conduct at issue constitutes an unfair or deceptive trade practice. *Web Press Services Corporation* v. *New London Motors, Inc.*, 205 Conn. 479, 481–84, 533 A.2d 1211 (1987); *Conaway* v. *Prestia*, 191 Conn. 484, 492–93, 464 A.2d 847 (1983). Second, he must present evidence providing the court with a basis for a reasonable estimate of the damages suffered. *Barco Auto Leasing Corporation* v. *House*, 202 Conn. 106, 120–21, 520 A.2d 162 (1987); *Conaway* v. *Prestia*, supra, 494; *Hinchliffe* v. *American Motors Corporation*, 184 Conn. 607, 619, 440 A.2d 810 (1981).

The first element of the threshold test for CUTPA recovery is satisfied in this case, although not on the theory advanced at trial. The plaintiff's undisputed failure to comply with the Home Improvement Act's written contract requirement is a per se violation of CUTPA by virtue of General Statutes § 20-427 (b), which provides that any violation of the Home Improvement Act is deemed to be an unfair or deceptive trade practice.[9] We therefore need not consider the defendant's contention that the trial court mistakenly concluded that the Home Solicitation Sales Act and the federal Trade Regulation Rule Concerning a Cooling-Off Period for Door-to-Door Sales do not apply to the home improvement transaction in this case.[10]

---

[9] General Statutes § 20-427 (b) provides: "A violation of any of the provisions of this chapter shall be deemed an unfair or deceptive trade practice under subsection (a) of section 42-110b."

[10] We note, however, that the legislature has specifically addressed the relationship between the Home Improvement Act and the Home Solicitation Sales Act in a 1988 amendment to the Home Improvement Act providing that "[e]ach home improvement contract entered into shall be considered a home solicitation sale pursuant to chapter 740 and shall be subject to the

The defendant has not, however, satisfied the second threshold requirement for CUTPA recovery. The trial court expressly found that "the defendant has failed to present any damages arising from the alleged [CUTPA] violations," a factual determination that the defendant has not challenged in this appeal. While CUTPA damages need not be proven with absolute precision, the failure to present any evidence concerning the nature and extent of the injury sustained precludes recovery under the statute. We therefore conclude that the trial court correctly rendered judgment for the plaintiff on the CUTPA counterclaim.

The judgment is affirmed.

In this opinion GLASS and HULL, Js., concurred.

SHEA, J., with whom CALLAHAN, J., joins, dissenting. This case is a vivid illustration of how the majority's denial of the availability of restitution for a contract violating General Statutes § 20-429 has provided a homeowner with a device for avoiding payment for home improvements that the trial court, in rejecting the counterclaim, implicitly found the plaintiff contractor had satisfactorily performed. The fact that the defendant homeowner is a practicing attorney, who was presumably better versed in the requirements for a valid contract than the plaintiff, adds a bit of color that must cast doubt upon the assumption of the majority that § 20-429 must be construed invariably in favor of the homeowner in order to protect him against fraud or overreaching by the contractor.

I dissent for the reasons given in my dissenting opinion in *Barrett Builders* v. *Miller,* 215 Conn. 316, 576 A.2d 455 (1990).

requirements of said chapter . . . ." Public Acts 1988, No. 88-269, § 9; General Statutes § 20-429 (e). One of the principal consequences of the applicability of the Home Solicitation Sales Act to home improvement transactions is that contractors are now required to provide homeowners with written notice of their right to cancel the home improvement contract within three days after executing the contract. General Statutes § 42-135a.