[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS CONCERNS DEFENDANT'S MOTION TO STRIKE
Defendant has moved the Court to strike plaintiff's fourth count and plaintiff's second and third prayers for relief which included punitive damages and attorney's fees.
Plaintiff's fourth count is a CUTPA count. The factual basis of the fourth count is plaintiff's allegation that defendant, as seller in a real estate transaction between the parties, was unable to convey marketable title to the plaintiff purchaser and has refused to return plaintiff's deposit as required under the terms of the contract for sale of the property. Plaintiff also alleges in her complaint that the failure to return the plaintiff's deposit was a knowing and willful act. In addition, plaintiff alleges defendant CT Page 3255 entered into a boundary line agreement with other abutting property owners, whereby defendant knowingly gave up title to valuable waterfront land, thus creating a cloud over plaintiff's property in Old Lyme, in addition to diminishing the size and value of defendant's property that defendant was required to convey to the plaintiff per the contract.
In the instant case, therefore, the plaintiff claims that defendant's knowing and willful breach of the contract in a real estate transaction falls within the CUTPA definition of "trade" and "commerce" as the ". . . the offering for sale or rent or lease, . . . any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value in this state," citing Connecticut General Statutes section 42-110a(4). The failure to return plaintiff's deposit was coupled with another act covered by CUTPA's definition of trade or commerce, the agreement to give the third party abutter's part of the land defendant had contracted to sell to plaintiff. In a recent 1990 case our Supreme Court held that a private citizen had a cause of action under CUTPA due to a building contractor's failure to provide him with a written contract containing notice of cancellation rights, citing A. Secondino Son Company, Inc. v. LoRicco, 215 Conn. 336
(1990). The Secondino case involved only a single action and the requirements of the Home Improvement Act wherein the failure to provide a written contract to the homeowner was deemed to be an unfair written or deceptive trade practice.
In Geltman v. Ciardiello, New Haven Superior Court, Docket No. 245283, Judge Reynolds held that a single contract to purchase real estate is included in CUTPA under the phrase "trade or commerce."
In the instant case, although it is now unnecessary to allege a public nexus, it is the public policy of the State of Connecticut that there be good faith and fair dealing in the performance of a contract, citing Magnan v. Anaconda Industries, Inc., 193 Conn. 558 (1984). In addition to the public policy requiring good faith and fair dealing in the performance of a contract, an additional public policy in the instant case is embodied in the Connecticut Standards of Title and the common law with respect to real estate with its long history of the importance of real property transactions and the establishment in every town of a land records office. Defendant's breach of contract has been alleged as knowing and willful. Defendant's boundary line agreement compounded the breach of contract and clouded title to other land of the plaintiff which was not subject to the contract. Either alone or together the two acts were in bad faith. CT Page 3256
A motion to strike admits all well pleaded facts, Mingachos v. CBS, Inc., 196 Conn. 91 (1985), and the allegations of the challenged pleadings are construed in a manner most favorable to the pleader, citing Amodio v. Cunningham, 182 Conn. 80 (1980).
It is the plaintiff's claim that she has alleged conduct on the part of the defendant which constitutes an unfair or deceptive trade practice, which acts are expressly in the purview of the CUTPA statute. Particularly mindful of the holding in Geltman v. Ciardiello, cited above, it would appear that the fourth count is properly included in the plaintiff's complaint. As to the defendant's request that the second and third prayers for relief be stricken, the Court observes that section 42-110g(a) expressly provides that the court in its discretion may award punitive damages and may provide such equitable relief as it deems necessary or proper.
As to the issue of attorney's fees, the same section 42-110g(d) expressly provides that the court may award to the plaintiff, in addition to other relief, costs and reasonable attorney's fees based on the work reasonably performed by an attorney and not on the amount of recovery.
The Court has considered the matter of Bertrum, et al v. Miller, et al, Docket No. 0046559, Pickett, J., February 8, 1989, but feels that this matter is distinguishable from that case; and in any event the burden still rests on the plaintiff to establish all of the requisite elements claimed in the fourth count.
The Court, therefore, denies the defendant's motion to strike the plaintiff's fourth count and denies the defendant's request that the Court strike the plaintiff's second and third prayers for relief.
AUSTIN, J.