[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON MOTION TO STRIKE
A
The defendant moves to strike the first count which alleges the defendant was negligent regarding its holding and failure to dispose of stocks in a certain corporation. As a result of the defendant's negligence the plaintiff claims to have suffered a substantial loss.
The defendant argues that the only type of damage alleged is a diminution in the value of the shares of the corporation held in trust — "since the stock in question has never been sold, plaintiffs have sustained no actual damage, but only a loss on paper which has not been realized." The defendant cites cases where the obvious is stated — you can't recover in a negligence action without proving damages Green v. Donroe, 186 Conn. 265, 270 n. 2, Restatement or Torts 2d § 907 wherein it says at comment a that actual damage is necessary to a cause of action in CT Page 5257 negligence.
If in fact the defendant's negligence caused the value of the stock to diminish and that can be ascertained through reference to the market price, why is it necessary to sell the stock to show the loss of value?
If a trustee commits a breach of trust he, she or it is chargeable with any loss or depreciation in the value of the trust estate — that is true whether the rest of the trust is stocks, bonds or a herd of cattle, see Hamman v.Ritchie, 547 S.W.2d 898, 705 (Tex. 1977). See generallyShephard's Causes of Action, Volume 21, Section 27, page 632 and cases cited therein. The same argument the defendant makes was made concerning the diminution in value of bonds that had not been sold and the argument was rejected. Citizens Southern Nat. bank v. Haskins,327 S.E.2d 192, 199 (Ga., 1985). It may be imprudent to sell the trust asset despite its diminution in value but that does not mean there has been no loss to the trust.
The motion to strike the first count is denied.
 B.
The defendant also moves to strike the fourth count which alleges a violation under the Connecticut Unfair Trade Practices Act. A party must suffer a reasonable estimate of damages actually suffered to secure recovery under CUPTA. A. Secondino Son Inc. v. Lo Ricco,215 Conn. 336, 343 (1990), see § 42-110q(a). The defendant's argument that the plaintiff has alleged only a loss "on paper" is the same argument made with respect to the motion to strike the first count, however. The court believes loss can be readily ascertained here.
The defendant also alleges that CUPTA does not apply to the purchase or sale of securities and cites Russell v.Dean Witter Reynolds Inc., 200 Conn. 172 wherein it is stated "CUPTA does not apply to the purchase and sale of securities.", id at page 175. The defendant's argument, however, is semantic. The Russell court was dealing with a situation where the plaintiff claimed the defendant stockbroker caused him loss as a result of a securities CT Page 5258 transaction the defendant stockbroker had arranged, id at page 173. Pursuant to its statutory mandate in deciding whether CUPTA was applicable the court referred to Federal Trade Commission rulings and cases and noted that
 "The FTC has never undertaken to a adjudicate deceptive conduct in the sale and purchase of securities, presumably because such transactions fall under the comprehensive regulatory umbrella of the securities and Exchange Commission. . . . the plaintiff has cited no cases in which the FTC or a federal court has applied the FTC to a securities transaction and we have found none." 200 Conn. at page 180 (emphasis added).
There is no allegation of securities violations in this case but a claim that relates to the defendant's management of the trust.
The motion to strike is denied also as to the fourth count.
Corradino, J.