[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case, which was tried to the court, involves a controversy between a homeowner, the plaintiff Joseph Centore, and a plumbing contractor, defendant Michael Smith, d/b/a Waterscape Irrigation Co. The defendant was hired to install an underground lawn irrigation system on plaintiff's property in Norwalk. The plaintiff filed a four count complaint, in which he alleges in the first count that the defendant breached his written contract with the plaintiff dated April 21, 1991 by installing a lawn sprinkler system in an unworkmanlike fashion. In the second count, the plaintiff alleges that defendant breached both the implied warranty of workmanship and an express warranty in the contract that the work would be performed in a workmanlike manner. In the third count, plaintiff alleges that the defendant made misrepresentations regarding his status as a licensed plumber, that the plaintiff relied on these representations, and that the defendant was unjustly enriched as a result. The fourth count alleges violations by the defendant of General CT Page 5492 Statutes § 20-429, the Home Improvement Act, and General Statutes § 42-110a, et seq., the Connecticut Unfair Trade Practices Act (CUTPA). The defendant filed an answer denying the material allegations of the complaint, and a special defense that plaintiff had employed an outside contractor without notice to the defendant and therefore breached a condition of the warranty provision in the contract.
A default for failure to respond to interrogatories and requests for production was entered against the defendant on July 9, 1993, and thereafter the matter was heard at the hearing in damages calendar. The plaintiff contended that the work performed by defendant was faulty in a number of respects, viz., that the sprinkler system had been erroneously attached to the street side of the water main, rather than the house side, there was lead in the solder in the backflow preventer, and the pump leaked. The plaintiff claimed that he was obliged to hire Mar/Rick Plumbing and Heating, Inc. (Mar/Rich),[1] in September, 1991, to repair the system, and that he paid this company $1,150. Plaintiff also argued that the defendant Smith did not have the proper license from the Connecticut Department of Consumer Protection authorizing him to install lawn irrigations systems and therefore plaintiff is entitled to damages under CUTPA. Plaintiff claimed that defendant came back on one occasion, attempted to fix the system, but shortly thereafter the pump leaked again, and plaintiff decided he would hire someone else to make the necessary repairs. Plaintiff presented testimony from a Richard Vincent, a plumber with an unlimited contractor's license, the president of Mar/Rick, who testified that the defendant had installed a defective sprinkler head and that the pump leaked.
The defendant indicated that he had a J-3 license from the Department of Consumer Protection, which authorized him to install irrigation systems, and he denied that the system he installed did not function properly. He also testified that he advised the plaintiff both verbally and in writing that he was willing to return to plaintiff's home and make whatever repairs were required, but that plaintiff ignored this invitation and hired someone else to work on the sprinkler system.
After reviewing the testimony and exhibits, the court concludes that the plaintiff has sustained his burden of proof that the irrigation system as installed by defendant was defective as alleged. Plaintiff incurred a cost of $1,150 to repair the system and is entitled to recover this amount from the defendant. Plaintiff, however, seeks a total recovery of $9,600, including $1,200 representing the "value of the lost warranty," $3,675 for attorney's fees pursuant to CUTPA, and punitive damages of $3,580, representing a refund of the original contract price paid to defendant. No authority for the recovery of the "value of the lost warranty" was CT Page 5493 cited, nor does the court agree that CUTPA damages should be awarded.[2]
"In order to award punitive or exemplary damages [under CUTPA], evidence must reveal a reckless indifference to the rights of others or an intentional and wanton violation of those rights." (Citations omitted; internal quotation marks omitted.) Tessman v. Tiger Lee ConstructionCo., 228 Conn. 42, 54, 634 A.2d 870 (1993). While the work did not measure up to the standard of workmanship required, no evidence was presented showing that defendant was recklessly indifferent to the rights of the plaintiff.
It is true that the contract did not include a cancellation provision as required by General Statutes § 20-429(a)(6), which results in a per se violation of CUTPA, by reason of General Statutes § 20-427(b), but this does not mandate the award of compensatory and punitive damages. There was no evidence, for example, that plaintiff would have canceled the contract if such a provision had been included. On the contrary, plaintiff accepted the work and fully paid for it. "A party seeking to recover damages under CUTPA . . . must present evidence providing the court with a basis for a reasonable estimate of the damages suffered." A.Secondino Son, Inc. v. Loricco, 215 Conn. 336, 343, 576 A.2d 464
(1990). Judge Fuller summarized the criteria for awarding of CUTPA damages in the context of this present case in his decision in Habetz v.Condon, CV 90 033236, Judicial District of Ansonia-Milford (Sept., 27, 1991). aff'd 224 Conn. 231, 618 A.2d 501 (1992). "A civil action to `recover actual damages' is provided by 42-110g(a) of the General Statutes to `any person who suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by 42-110b' of the General Statutes. The plaintiffs have not proven by a preponderance of the evidence that they have sustained any monetary damages from the acts or omissions of the defendant other than the damages already awarded to them under the first count of the amended complaint, which combined claims of negligence for defective work and breach of contract for failure to complete work in accordance with the written contract . . . In order to recover under CUTPA a plaintiff must show an ascertainable loss resulting from the unfair or deceptive act or practice of the defendant." In this present case, the plaintiff has been awarded damages for breach of contract, and no other ascertainable loss resulting from the CUTPA violation was documented.
Accordingly, judgment may enter in favor of the plaintiff to recover $1,150 from the defendant, plus interest pursuant to General Statutes § 37-3a at the rate of ten per cent a year for the wrongful detention of money, from the date this action started, January 18, 1992, to the date of judgment, which is calculated as $202.08, for a total judgment of $1,352.08. CT Page 5494
Costs are to be taxed by the clerk.
So ordered.
Dated at Stamford. Connecticut, this 23rd day of May, 1994.
William B. Lewis, Judge