[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO SET ASIDE THE VERDICT
Ball Hill for plaintiff.
G. Battistoli for defendant.
The plaintiff in the present case originally filed an eight count complaint, seeking both equitable relief and monetary damages. In its complaint the plaintiff alleged fraud and unfair trade practices, as well as violations of the Connecticut Trademark Statute, General Statutes § 35-11, and the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110 et seq. The case was being tried on counts upon which the court would have exclusive determination as to law, equity and facts, and upon counts wherein the jury was to act as the finder of fact.
After trial on the multi-count complaint, by agreement of the parties those counts that were being tried to the jury as the fact finder were merged into a single statutory count based up on CUTPA. Thereafter, the jury was instructed only on the single CUTPA count. The jury was charged in part that no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of a trade or business, and that any CT Page 6873 person who suffers any ascertainable loss of money or property as a result of an unfair or deceptive act or practice may bring an action under this statute. The jury returned a plaintiff's verdict with zero damages.
This court is now presented with the task of determining whether the jury verdict may stand. The defendant filed a motion to set aside the verdict, asserting that proof of actual damages is a requirement to sustain a claim brought by a competitor under CUTPA, and arguing that the verdict of zero damages is dispositive of the issue. The plaintiff in opposition asserts that proof of actual damages is not required, regardless of whether the case is brought by a consumer or a competitor, and accordingly requests attorney's fees, costs and injunctive relief based on the verdict in its favor. In the alternative, the plaintiff asserts that if proof of actual damages is a necessary requirement, then the verdict must be set aside, arguing that a jury verdict of zero damages is inherently ambiguous.
Interpretation of a jury verdict of zero damages can be fraught with uncertainty, as indicated by the Supreme Court in Malmbergv. Lopez, 208 Conn. 675, 546 A.2d 264 (1988). In the present case, however, the evidence produced at trial supports the verdict reached by the jury. There was ample evidence presented from which the jury could find the existence of unfair trade practices, and confusion on the part of the parties' customers. However, there was little or no evidence presented from which the jury could determine the amount of any economic or "actual" damages suffered by the plaintiffs. This court must in the first instance determine if proof of actual damages and a jury finding of the same is required to sustain the plaintiff's verdict under CUTPA; or if instead the court can deny the defendant's motion to set aside the verdict and grant the plaintiff the equitable relief sought.
The statute itself sets out the requirements that must be proven in order for the plaintiff to recover. General Statutes § 42-110g(a) specifically provides that "[a]ny person who suffers any ascertainable loss of money or property . . . may bring an action . . . to recover actual damages." The statute does not define the terms "ascertainable loss." "`When a statute does not define a term, it is appropriate to look to the common understanding expressed in the law and in dictionaries.'" Beloff v. Progressive Casualty Ins.Co., 203 Conn. 45, 59, 523 A.2d 477 (1987), citing Hinchliffe v.American Motors Corporation, 184 Conn. 607, 623, CT Page 6874440 A.2d 810 (1981).
Upon initial review, this court considered a finding of actual damages a necessary requirement for a CUTPA verdict, since the plain language of the statute indicates that unless the plaintiff has suffered an "ascertainable loss of money or property" there is no right of action under the statute. (Emphasis added.) General Statutes § 42-110g(a). To ascertain is "to make certain; to fix; to establish with certainty; to make certain and definite." Ballantine's Law Dictionary, 3rd Ed. A "loss" of money or property means "a deprivation." Id. Accordingly, based on the express language of the statute, it was this court's initial opinion that a finding of a fixed or certain loss of money or property was required to sustain the jury's verdict. In other words, the jury had to find actual damages to support a verdict under the statute.
However, the case law this court is bound to follow under staredecisis indicates that this court's initial interpretation was a minority position when last considered by the Supreme Court. See Hinchliffe v. American Motors Corporation, supra.184 Conn. 623-27 (Armentano, J., dissenting). The majority inHinchliffe defined "ascertainable" as "capable of being discovered, observed or established," and refused to equate "ascertainable loss" with actual damages. Id., 613-15. The court held that although "[t]he ascertainable loss requirement is a threshold barrier which limits the class of persons who may bring a CUTPA action seeking either actual damages or equitable relief;" id., 615; "[u]nder CUTPA, there is no need to allege or prove the amount of the ascertainable loss." Id., 614.
Later cases have diverged somewhat from the broad pronouncement in Hinchliffe. In Conway v. Prestia, 191 Conn. 484, 494, 464 A.2d 847
(1983), the Supreme Court stated that if "the plaintiffs [choose] to seek damages under § 42-110g, they are bound by the statutory requirement of proof of actual damages." More recently, the Court held that "[a] party seeking to recover damages under CUTPA must . . . present evidence providing the court with a basis for a reasonable estimate of the damages suffered." (Citations omitted)A. Secondino Son. Inc. v. LoRicco, 215 Conn. 336, 343, 576 A.2d 464
(1990). "While CUTPA damages need not be proven with absolute precision, the failure to present any evidence concerning the nature and extent of the injury sustained precludes recovery under the statute." Id., 344; see also Gargano v. Heyman, 203 Conn. 616,575 A.2d 1343 (1987) (defendant violated CUTPA but plaintiff failed to prove lost profits resulting therefrom). These later cases would CT Page 6875 therefore indicate that a party must prove and a jury must find actual damages, not just an "ascertainable loss," in order to sustain a jury verdict for that party under the statute.
The only principled basis on which this court can harmonize the above cases with the present case is that when damages are the sole remedy a party is seeking under CUTPA, they must prove their actual damages to sustain a verdict in their favor.[1]
This simply recognizes the basic rule that "the burden of proving damages is on the party claiming them." (Citations omitted.)Gargano v. Heyman, supra, 620. However, if the party is requesting equitable relief, or equitable relief in addition to damages, the party need only prove an "ascertainable loss" which would allow the court to enter an injunction, or to provide another appropriate remedy. The statute itself provides in relevant part that "the court may, in its discretion, order, in addition to damages or in lieu ofdamages, injunctive relief or other equitable relief." (Emphasis added.) General Statutes § 42-110g(d).
The present case presents an admittedly unique but appropriate example. The parties are business competitors, and the unfair trade practices as found by the jury have resulted in customer confusion and an "ascertainable loss" to the plaintiffs. However, the jury was unable to determine a dollar amount of actual damages. Indeed, based on the evidence presented at trial, a plaintiffs' verdict finding actual money damages would have been based on guesswork and speculation on the part of the jury. The difference in the present case is that the plaintiffs are seeking equitable relief and attorney's fees, as well as damages. Although the jury did not and could not reasonably ascertain actual money damages, the equitable remedies are still available. The jury verdict finding a violation of CUTPA is therefore valid, despite the lack of actual damages.
This result is in keeping with the remedial nature of the statutory cause of action in CUTPA, and with "the importance of equitable remedies to the CUTPA scheme. . . ." Hinchliffe, supra,184 Conn. 618. "To equate . . . `ascertainable loss of money or property' with `actual damages in a particular amount' would render nugatory a significant portion of CUTPA;" Hinchliffe, supra, 618-19; and would prevent this court from providing any remedy to the plaintiff for the defendant's unfair trade practices. CUTPA was intended to give "honest businessmen great protection [from] deceptive or unscrupulous competitors who by unfair methods of competition and deceptive advertising, etc. unlawfully CT Page 6876 divert trade away from abiding businessmen." Id., 625 (Armentano, J., dissenting), citing 16 H.R. Proc., Pt. 14, 1973 Sess., p. 732 (Remarks of Representative Howard A. Newman). Accordingly, this court will not disturb the jury's verdict, on the grounds that the plaintiffs have proven an "ascertainable loss" and are entitled to the equitable relief sought under the statute, without a finding of actual money damages. The defendant's motion to set aside the verdict is denied.
The next issue that the court must then address is whether or not under the circumstances the court may award attorney fees, pursuant to Connecticut General Statutes § 42-110g(d). The court reads section 42-110g to mean that the court "may award to the plaintiff, in addition to the relief provided in this section, costs and reasonable attorney fees. . . ." This court determines that section to apply only if there is a valid plaintiff's verdict in accordance with the aforesaid elements. A verdict for the plaintiff being effective, the court will therefore consider attorney fees.
Walsh, Judge