[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S DEFENDANT'SMOTION TO STRIKE THIRD COUNT
This is an action by plaintiff homeowners seeking damages from a contractor for negligent an improper home improvement work.
The Third Count of the Revised four count complaint dated December 12, 1995 alleges that the defendant entered the contract for home improvement using a fictitious trade name without filing a trade name certificate as required by General Statutes § 35-1 and that this constituted an unfair practice under General Statutes § 42-110b (CUTPA). No other facts or claims are advanced as to damages sustained by Plaintiff except for the claim of damages and punitive damages in the ad damnum clause.
Defendant moves to strike the Third Count because it fails to allege any ascertainable loss as a result of his failure to file.
A party seeking to recover damages pursuant to CUTPA must meet two threshold requirements. First, he must establish that the conduct at issue constitutes an unfair or deceptive trade practice." A. Secondino Son, Inc. v. Loricco,215 Conn. 336, 343 (1990). A "failure to comply [with General CT Page 1323-QQQQ Statutes § 35-1] shall be deemed to constitute an unfair or deceptive practice under 42-110b(a) of the Connecticut Unfair Trade Practices Act (CUTPA)." Metro Bulletins Corporation v.Soboleski, 30 Conn. App. 493, 499 (1993). Second, the plaintiff must allege "any ascertainable loss of money or property, real or personal." General Statutes § 42-110g(a). In Hinchliffe v. American Motors Corporation, 184 Conn. 607,612-13 (1981), our Supreme Court held that "any ascertainable loss" does not require a plaintiff to prove a specific amount of actual damages in order to make out a prima facie case. Instead, "ascertainable" means "capable of being discovered, observed or established." However, in A. Secondino Son,Inc. v. Loricco, supra, 215 Conn. 343, the Supreme Court held that a party seeking recovery under CUTPA must present evidence providing the court with a basis for a reasonable estimate of the damages suffered. Therefore, "while CUTPA damages need not be proven with absolute precision, the failure to present any evidence concerning the nature and extent of the injury sustained precludes recovery under the statute." Id., 344.
In Chester v. Schatz Schatz, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 447376 (June 3, 1992, O'Neill, J.) the court concluded that where the plaintiff alleged that he "has suffered and continues to suffer, monetary damages," based on defendants "attempt" to injure him the court held that the plaintiff's failure to allege any facts from which a trier could connect the "attempt" to those damages so to make them ascertainable rendered the claim insufficient under CUTPA.
Motion to Strike Third Count granted.
Wagner, J.