[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF THE CASE
This action was brought in the names of Paul J. Kurzawa 
Edith Banks, owner and tenant respectively, of residential property at 327 Harbor Street in Branford.
Apparently, Kurzawa authorized his tenant Banks to contract with the defendant to do some construction work on the premises. Though sketches were prepared, there was no written contract describing the work, the price to be charged, or the starting and completion dates.
The defendant claims he was a sub-contractor and that the CT Page 15852 owner signed the application for the building permit as the contractor. That signature, however, appears to be that of the defendant. Therefore, the court concludes the defendant was the contractor. He admits he did not have a Connecticut home improvement contractor license.
The plaintiff Banks seeks damages in a four count complaint, of which counts one and three were dismissed on the defendant's motion after the plaintiff Bank rested. The remaining counts allege CUTPA violations (count two) and fraud (count four). The dismissed counts alleged a breech of contract and negligent construction.
 DISCUSSION I
The plaintiff Kurzawa did not appear for trial and presented no evidence. Accordingly, his case is dismissed and judgment may enter for the defendant as to the plaintiff Kurzawa.
 II
The plaintiff's fraud allegations in the fourth count deal with materials purchased by the defendant. The plaintiff claims she was charged for materials which the defendant used for his own purposes and which were not used in the renovation of her premises. The defendant argues that is not the case, that he charged the plaintiff a set amount, that figure included all material and the plaintiff was not charged extra.
The court cannot find in this conflicting testimony that the plaintiff has sustained her burden of proof.
 CONCLUSION
Though the defendant is guilty of a CUTPA violation by virtue of his not having a home improvement contractor license, in the absence of proven damages, the plaintiff cannot recover under CUTPA. A. Secondino Son, Inc. v. Loricco, 215 Conn. 336 (1990).
Judgment may enter for the defendant as to the plaintiff Banks.
Anthony V. DeMayo CT Page 15853
Judge Trial Referee