[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#111)
The issue before the court is whether the plaintiff's motion for summary judgment should be granted on the grounds that the defendant is in breach of contract, that the defendant's conduct constituted an unfair and deceptive trade practice in violation of the Connecticut Unfair Trade Practices Act and that the defendant violated the Home Improvement Act thus rendering oral and written contracts between the parties invalid and CT Page 12604 unenforceable.
 FACTS
The plaintiff, Sharon Reilly, filed an amended complaint on December 6, 1999, alleging that the defendant, Fred Benoit, contracted with her to replace her roof and repair her chimney but that the defendant's work was either incomplete or improperly done. The plaintiff further alleges that the defendant is in breach of oral and written contracts, that the contracts are in violation of the Home Improvement Act, General Statutes § 20-418 et seq., and that the defendant's conduct constitutes an unfair or deceptive trade practice in violation of the Connecticut Unfair Trade
Practices Act (CUTPA), General Statutes § 42-110.
On January 4, 2000, the defendant filed an answer and counterclaim to the complaint, primarily alleging that the plaintiff breached their contract by failing to pay for extra labor and disposal costs associated with removing three additional layers of shingles from the plaintiff's roof and by failing to pay for other work set forth in the counterclaim.
On March 8, 2000, the plaintiff moved for summary judgment on the ground that there is no genuine issue as to any material fact in the complaint. In her supporting memorandum, the plaintiff alleges that there is no issue of material fact regarding whether the agreements between the plaintiff and the defendant are enforceable. She further alleges in the memorandum that the contracts between the plaintiff and the defendant, oral or written, for repair of the roof and for prior work violate the Home Improvement Act. For this reason, she alleges that the contracts are unenforceable and that the defendant's conduct constitutes an unfair or deceptive trade practice.[1] In support of her motion, the plaintiff filed a copy of the defendant's written proposal for the replacement of her roof.
The defendant filed a motion for an extension of time within which to respond to the plaintiff's motion for summary judgment on March 22, 2000, whereupon the court granted the defendant the additional 30 days requested. On June 23, 2000[2], the defendant filed an objection to the plaintiff's motion for summary judgment, essentially stating that the Home Improvement Act does not provide an independent cause of action, that there is a question of fact as to whether the Home Improvement Act applies to this case, and that the issue of whether the bad faith exception to the Home Improvement Act may be invoked is also a question of fact. Additionally, the defendant filed an affidavit wherein he makes statements regarding not only the roof installation, but also past work CT Page 12605 that he had done for the plaintiff.
 DISCUSSION
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Alvarez v. New Haven Register, Inc.,249 Conn. 709, 714, 735 A.2d 306 (1999); Practice Book § 17-49. Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732, 751, 660 A.2d 810 (1995). "[A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Internal quotation marks omitted.) Id., 752. "[A] directed verdict may be rendered only where, on the evidence viewed in the light mostfavorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Emphasis in original.) Id. "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." State v. Goggin, 208 Conn. 606,616, 546 A.2d 250 (1988). "As the party moving for summary judgment, the plaintiff is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1 v.Insurance Co. of Pennsylvania, 231 Conn. 756, 796, 653 A.2d 122 (1995).
The plaintiff alleges in the first count of the complaint that the defendant breached oral and written contracts. "To form a valid and binding contract in Connecticut, there must be a mutual understanding of the terms that are definite and certain between the parties." LR Realty v. Connecticut National Bank, 53 Conn. App. 524, 534, 732 A.2d 181
(1999), cert. denied, 250 Conn. 901, 734 A.2d 984 (1999). "To constitute an offer and acceptance sufficient to create an enforceable contract, each must be found to have been based on an identical understanding by the parties." Bridgeport Pipe Engineering Co., Inc. v. DeMatteoConstruction Company, 159 Conn. 242, 249, 268 A.2d 391 (1970). "If the minds of the parties have not truly met, no enforceable contract exists."LR Realty v. Connecticut National Bank, supra, 53 Conn. App. 535. "The existence of a contract is a question of fact to be determined by the trier on the basis of all the evidence." Id., 534.
Here, the defendant denies the existence of a contract in his answer. The only evidence that the plaintiff advances to support her contention that an enforceable contract existed is a copy of the estimate provided by the defendant. Because the existence of a contract is a question of fact and because the plaintiff has failed to submit evidence in light of CT Page 12606 which no jury could deny the existence of a valid and enforceable contrast, there is still a genuine issue of material fact to be decided.
The plaintiff alleges in the second count of the complaint that the defendant violated CUTPA. In determining whether a practice violates CUTPA, we use the following criteria: "(1) [w]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers. . . ." Williams Ford,Inc. v. Hartford Courant Co., 232 Conn. 559, 591, 657 A.2d 212 (1995). "Whether a practice is unfair and thus violates CUTPA is an issue of fact. . . . The facts found must be viewed within the context of the totality of the circumstances which are uniquely available to the trial court." Thomas River Recycling v. Gallo, 50 Conn. App. 767, 794,720 A.2d 242 (1998). Failure to comply with the written contract requirement of the Home Improvement Act, however, is a per se violation of CUTPA. A. Secondino Son v. LoRicco, 215 Conn. 336, 343, 576 A.2d 464
(1990); General Statutes § 20-427 (c) ("a violation of any of the provisions of this chapter shall be deemed an unfair or deceptive trade practice under subsection (a) of section 42-110b").
The Home Improvement Act does not provide an independent cause of action to a homeowner seeking recovery from a contractor but rather provides a homeowner with a defense, preventing a contractor from recovering against a homeowner when he is not in compliance with the statute. See Farragasso v. DeGeorge Home Alliance, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 162664 (December 7, 1998, D'Andrea, J.); see also McClain v. Byers, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 301761 (April 19, 1995, Hauser, J.) (14 Conn.L.Rptr. 98) ("the weight of the case law on this type of suit by a homeowner suggests that [the Home Improvement Act] is a defense and does not provide an independent cause of action for a homeowner against a contractor").
While the plaintiff alleged in her complaint that the defendant violated the Home Improvement Act, it was not appropriate to do so based upon a consistent finding among Superior Court cases that the Act does not provide an independent cause of action. Because the plaintiff relies solely on the defendant's alleged violation of the Home Improvement Act to support her CUTPA claim, and presents no evidence to support such a claim, the plaintiff has not met her burden of demonstrating the absence of a genuine issue of material fact as to whether the defendant's conduct was an unfair or deceptive trade practice. Furthermore, the plaintiff has CT Page 12607 not submitted any evidence with regard to damages. Violation of the Home Improvement Act is a per se violation of CUTPA with regard to whether conduct is an unfair or deceptive trade practice; nevertheless, the plaintiff still must present evidence of substantial damages for this court to determine that the defendant's actions violated CUTPA. See, e.g., Rizzo Pool Co. v. Del Grosso, 232 Conn. 666, 684 n. 28, 657 A.2d 1087
(1995); Web Press Services Corp. v. New London Motors, Inc., 205 Conn. 479,484, 533 A.2d 1211 (1987).[3]
As to the defendant's counterclaim, the plaintiff alleges that the defendant violated the Home Improvement Act and that any contract between the parties is unenforceable. Although the Home Improvement Act is an appropriate defense to a counterclaim, the plaintiff's failure to provide any proof to support her allegation is fatal to her motion with regard to the defendant's counterclaim.[4]
 CONCLUSION
For the foregoing reasons, the plaintiff's motion for summary judgment is denied.
D. Michael Hurley, Judge Trial Referee