[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The following facts are alleged in the plaintiffs' revised complaint, dated April 25, 2001. Count one, a negligence claim, alleges that the plaintiff homeowners, Guilio and Anna Liguori, hired the defendant-contractor, G.V.A., Inc., a registered home improvement contractor, to perform improvements on their home in Branford, Connecticut. The plaintiffs hired the defendant to construct a patio and driveway for a total cost of $30,000.
Count one further alleges that the defendant failed to properly CT Page 13323 reinforce the patio walls, failed to properly design and build the walls as better retaining walls, failed to properly pour concrete, and failed to install drain holes. The plaintiffs further allege that as a result of the aforementioned errors, the improvements were performed in a negligent and unworkmanlike manner, and the defendant's negligence has caused the patio walls to breach and sink creating a dangerous and hazardous condition. The plaintiffs also claim the defendant's negligence has caused water damage to the interior of the plaintiffs' home.
Count two alleges that the defendant's failure to provide a written contract containing the terms of the agreement and a written right of recission violates the Connecticut Home Improvement Act (HIA) and is a per se violation of the Connecticut Unfair Trade Practices Act (CUTPA). Count three alleges that the violation of HIA entitles the plaintiffs to reimbursement for the home improvements.
A motion to strike attacks the "legal sufficiency of the allegations of [the complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 58 (1998). On a motion to strike, all facts well pleaded and those necessarily implied from the allegations are taken as admitted. Gazo v. Stamford, 255 Conn. 245, 260,765 A.2d 505 (2001).
The defendant moves to strike all three counts of the plaintiffs' complaint. The defendant moves to strike count one on the grounds that "[a]lthough paragraphs 5 and 8 of this count allege a breach of `said agreement' no agreement has been alleged anywhere else in that count and therefore this claim has been inappropriately plead." (Defendant's Motion to Strike Plaintiffs' Revised Complaint, #104). The defendant argues that for a cause of action in negligence, the elements of duty, breach, causation and actual injury must be asserted and supported by factual allegations in order to survive a motion to strike. The defendant maintains that the plaintiffs failed to meet this burden because they never pleaded the formation of an agreement and without the agreement, there was no duty to be breached, therefore count one of the complaint should be stricken.
In response, plaintiffs argue that the test for a duty is whether the specific harm alleged by the plaintiff was reasonably foreseeable to the defendant and to determine the "fundamental policy of the law" to measure whether defendant's responsibility should extend to such results. The plaintiffs contend it was reasonably foreseeable that the defendant's unworkmanlike performance would cause the plaintiffs some harm.
"The essential elements of a cause of action in negligence are well CT Page 13324 established: duty; breach of that duty; causation; and actual injury." RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384, 659 A.2d 153
(1994). Duty of care is an essential element of negligence and may arise from a contract, a statute or circumstances. "When negligent construction is alleged the plaintiff must prove that the defendant knew or should have known of the circumstances that would foreseeably result in the harm suffered." Coburn v. Lenox Homes, Inc., 186 Conn. 370, 375, 441 A.2d 620
(1982). Accordingly, a builder is under a duty to exercise that degree of care that an ordinary builder of ordinary prudence would have exercised under similar circumstances. Id.
The law imposes on builders the duty of care of a similarly situated builder. The plaintiffs allege that the defendant-contractor performed the aforementioned home improvements in a negligent and unworkmanlike manner in breach of that duty. The plaintiffs further allege that the negligent performance has created a dangerous and hazardous condition at their home and that said condition has injured the plaintiffs by causing water damage in the interior of their home. Thus, the plaintiffs' revised complaint sufficiently alleges a cause of action in negligence, including the crucial element of duty. "[W]hat is necessarily implied [in an allegation] need not be expressly alleged." (Internal quotation marks omitted.) Lombard v. Edward J. Peters, Jr., P.C., 252 Conn. 623, 626,749 A.2d 630 (2000). Negligence is necessarily implied by the facts alleged, therefore the motion to strike count one of plaintiffs' revised complaint is denied.
The defendant moves to strike count two of the plaintiffs' revised complaint on the basis that the HIA does not provide an independent cause of action for a homeowner, and because the CUTPA claim is derivative of the HIA claim, the CUTPA claim should be stricken as well. The defendant argues that the HIA only provides a homeowner with a defense which prevents the contractor from recovering against the homeowner if the contractor has failed to comply with the specific requirements of the statute. Neither the Supreme Court nor the Appellate Court has ruled on the issue of whether the HIA can be asserted affirmatively by a homeowner.
The only higher court authority cited by the both parties in this matter is Barrett Builders v. Miller, 215 Conn. 316, 576 A.2d 455
(1990). In Barrett, the court suggested that "the legislature might want to distinguish between a homeowner's invocation of the statute as a defense to an action by a contractor and a homeowner's affirmative reliance on the statute to recover a down payment or progress payments that represent work performed in good faith by a contractor . . ."Id., 328-329. Subsequent to this decision, the legislature took no such action. Habetz v. Condon, 224 Conn. 231, 239, n. 12, 618 A.2d 501
CT Page 13325 (1992).
A number of Superior Court cases have held, however, that, "[t]he Home Improvement Act does not provide an independent cause of action to a homeowner seeking recovery from a contractor but rather provides a homeowner with a defense. . . ." Reilly v. Benoit, Superior Court, judicial district of New London at New London, Docket No. 551426 (October 12, 2000, Hurley, J.T.R.); see also, Martinez v. Ciufetelli, Superior Court, judicial district of Fairfield, Docket No. 292068 (February 8, 2000, Levin, J.); McClain v. Byers, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 301761 (April 12, 1995, Hauser, J.). "The weight of the case law on this type of suit by a homeowner suggests that [General Statutes] § 20-429 is a defense and does not provide an independent cause of action for a homeowner against a contractor." (Internal quotation marks omitted.) Benedetto v. New Bath, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 106862 (August 29, 1990, Ryan, J.) (2 Conn. L. Rptr. 310); see also,McDonough v. Fanelli, Superior Court, judicial district of New Haven at New Haven, Docket No. 308104 (February 4, 1994, Gray, J.) (11 Conn. L. Rptr. 31); McClain v. Byers, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 301761 (April 19, 1995,Hauser, J.).
The plaintiffs argue that violation of the HIA is a per se violation of CUTPA. The HIA states that, "[n]o home improvement contract shall be valid or enforceable against an owner unless it: (1) Is in writing, (2) is signed by the owner and the contractor, (3) contains the entire agreement between the owner and the contractor. . . ." General Statutes § 20-429 (a). The plaintiffs argue that the defendant's failure to reduce their agreement to a writing is violative of this section. The plaintiffs further argue that this violation creates a derivative claim via General Statutes § 20-427 (c) which states, "[a] violation of any of the provisions of this chapter [HIA] shall be deemed an unfair or deceptive trade practice under subsection (a) of section 42-110b
[CUTPA]." The Supreme Court reaffirmed this derivative cause of action when it reasoned that "[f]ailure to comply with the Home Improvement Act's written contract requirement is a per se violation of CUTPA. . . ."A. Secondino Son, Inc. v. LoRicco, 215 Conn. 336, 343, 576 A.2d 464
(1990).
The defendant argues that because there is no independent cause of action under the Home Improvement Act, it follows that there is no derivative cause of action under CUTPA. The defendant further maintains that the plaintiffs' CUTPA claim states no other factual allegations that rise to the level of unfair trade practices. The defendant adds that, "[i]t is well settled in determining whether a practice violates CUTPA we CT Page 13326 have adopted the criteria set out in the `cigarette rule' by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy . . . [or] it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous. . . . "(Internal quotation marks omitted.) HartfordElectric Supply Co. v. Allen-Bradley Co., 250 Conn. 334, 736 A.2d 824
(1999). The defendant correctly notes that notwithstanding this decision, the plaintiffs make no other factual allegations which would rise to the level of a CUTPA claim via the "cigarette rule." Here, the plaintiffs fail to allege specific facts of "unfairness," "unscrupulous[ness]" or "immoral[ity]" and only allege CUTPA violations in the context of the HIA, accordingly, the motion to strike the derivative CUTPA claim is granted.
The defendant argues that count three of the revised complaint should be stricken because the law does not recognize a homeowner's independent cause of action for reimbursement pursuant to the HIA. Here, the plaintiffs argue that the defendant's failure to provide a written contract is a violation of the HIA entitling the plaintiffs to reimbursement. The case law, as previously indicated, suggests that no such affirmative right exists, therefore the third count of the plaintiffs' revised complaint is stricken.
For the foregoing reasons, the motion as to count one is denied and the motion to strike counts two and three of the revised complaint is granted.
By the Court,
Howard F. Zoarski Judge Trial Referee