[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#116)
CT Page 2281
 Facts
The plaintiff, Dania Character, filed the revised complaint in this action on June 15, 2001. In count three[1] of the revised complaint, the plaintiff alleges the following facts. On October 3, 1999, the plaintiff and her husband, Reginald C. Character, Jr., entered into an oral agreement with the defendant, Brian A. Hodge. Under the agreement, the defendant was to make certain improvements to a dwelling located at 15 Jordan Drive in Norwich. The plaintiff paid the defendant $1500 and the defendant began the work in October, 1999. The plaintiff's husband died on February 10, 2000. At that time, a substantial amount of the work had not been performed and the work that had been done had not been performed properly. The plaintiff and defendant renegotiated the agreement to require the defendant to complete additional work for an additional sum of $30,000, which the plaintiff paid on March 13, 2000. The defendant performed the work in such an unskillful and negligent manner, and with such unsuitable materials, that the plaintiff paid the defendant far more money than the improvements were reasonably worth. The plaintiff has spent, and will be forced in the future to spend, large sums of money to repair the house and has taken out a $40,000 mortgage on the house to pay for the repairs.
The plaintiff further alleges that the work to be performed by the defendant was within the definition of "home improvements" as defined in General Statutes § 20-419 and that the defendant violated General Statutes § 20-429 in that: (1) the contracts were not in writing and signed by the plaintiff and defendant; (2) the defendant failed to include the entire agreement of the parties in the contract; (3) the defendant failed to provide a notice of the plaintiff's cancellation rights; (4) the defendant failed to provide the plaintiff with a written starting date and completion date; and (5) the defendant failed to put each change in the terms and conditions of the contract in a signed writing. The plaintiff alleges that the defendant's violation of General Statutes § 20-429 also violates the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.
On July 16, 2001, the defendant filed a motion to strike count three of the revised complaint on the grounds that the plaintiff has alleged nothing more than a single instance of wrongdoing which is insufficient to state a cause of action under CUTPA, that the general consuming public is not affected by the defendant's alleged wrongdoing, and that the plaintiff has failed to allege a general business practice of the defendant. The defendant's motion is accompanied by a memorandum of law. CT Page 2282 The plaintiff filed an objection to the motion to strike and a memorandum of law on July 20, 2001.
 Discussion
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or any one or more counts thereof, to state a claim upon which relief can be granted, . . . that party may do so by filing a motion to strike the contested pleading or part thereof" Practice Book § 10-39(a). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997).
The defendant argues that the plaintiff has failed to state a cause of action under CUTPA because the plaintiff has alleged only a single act of negligence and breach of contract rather than a pattern of misconduct or a general business practice and because the plaintiff has not alleged that the general consuming public is affected by the defendant's alleged wrongdoing. The plaintiff argues that count three is legally sufficient because it contains allegations that the defendant entered into multiple contracts in violation of the Home Improvement Act and, in the alternative, that the court should conclude that the allegation of a single act is sufficient to state a claim under CUTPA. The plaintiff further argues that count three is legally sufficient because a violation of the Home Improvement Act is a per se violation of CUTPA.
The third count of the plaintiff's complaint is brought pursuant to the Home Improvement Act, General Statutes § 20-418 et seq. and the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes §42-110a et seq. Section 42-110b (a) of CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. General Statutes § 42-110b (a). A private cause of action for a violation of CUTPA is available under General Statutes § 42-110g (a), which provides in relevant part: "Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action in the judicial district in which the plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages.
General Statutes § 20-427 (c) provides that "[a] violation of any CT Page 2283 of the provisions of [the Home Improvement Act] shall be deemed an unfair or deceptive trade practice under subsection (a) of section 42-110b." The Supreme Court has held that § 20-427 (c) makes a violation of the Home Improvement Act "a per se violation of CUTPA. . . ." A. Secondino Son, Inc. v. Loricco, 215 Conn. 336, 343, 576 A.2d 464 (1990). Count three of the revised complaint therefore states a claim under CUTPA if the allegations are sufficient to establish a violation of the Home Improvement Act.
Section 20-429 (a) of the Home Improvement Act provides in relevant part: "No home improvement contract shall be valid or enforceable against an owner unless it: (1) Is in writing, . . . (3) contains the entire agreement between the owner and the contractor, . . . (6) contains a notice of the owner's cancellation rights in accordance with the provisions of chapter 740, [and] (7) contains a starting date and completion date. . . . Each change in the terms and conditions of a contract shall be in writing and shall be signed by the owner and contractor, except that the commissioner may, by regulation, dispense with the necessity for complying with the requirement that each change in a home improvement contract shall be in writing and signed by the owner and contractor." General Statutes § 20-429 (a). The allegations of the third count therefore sufficiently allege several violations of the Home Improvement Act. By operation of § 20-427 (c), these allegations are sufficient to state a per se violation of CUTPA. The motion to strike is therefore denied.
 Conclusion
The third count of the plaintiff's revised complaint alleges various violations of the Home Improvement Act. The plaintiff has therefore set forth sufficient facts to support a per se violation of CUTPA. For this reason, the motion to strike is denied.
D. Michael Hurley, Judge Trial Referee