[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.
Susman Duffy Segaloff for plaintiff.
John C. Kucej for defendant.
On January 8, 1993, the plaintiff, Murray Haber, commenced the present action against the defendant, Harold Letsky. In a four count complaint, the plaintiff alleges that the parties entered into a written contract wherein the defendant contracted to move a portion of the plaintiff's residence in Washington, Connecticut. The plaintiff alleges that he advanced nine thousand dollars ($9,000.00) to the defendant, that the defendant did not move the portion of his residence, and that the defendant has failed to return the nine thousand dollars. In count CT Page 8110 four of his complaint, the plaintiff alleges that the defendant has failed to comply with the registration requirements of the Home Improvement Act, General Statutes § 20-417 et seq, and therefore, has violated Connecticut Unfair Trade Practices Act ("CUTPA").
The plaintiff has now moved for summary judgment on count four of his complaint on the ground that there are no issues of material fact and he is entitled to judgment as a matter of law. In support of his motion, the plaintiff has attached a memorandum of law, his affidavit, and various exhibits, including a copy of the subject contract. The defendant has filed an opposing memorandum of law in which he argues that the Home Improvement Act does not apply to this matter. At oral, argument before this court on August 8, 1994, the defendant also submitted his affidavit.
A motion for summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384; Leesv. Middlesex Insurance Company, 219 Conn. 644, 650,594 A.2d 952 (1992). The burden is on the party moving for summary judgment; therefore the court must view the facts in the light most favorable to the party opposing the motion. Mingachos v. CBS Inc., 196 Conn. 91, 111,491 A.2d 368 (1985).
The primary purpose of the Home Improvement Act is to protect consumers who contract for home improvement work by issuing certificates of registration only to contractors with no past history of fraud or deceit, thereby protecting consumers from any unscrupulous businessman. O'Donnell v. Rindfleisch, 13 Conn. App. 194,203, 535 A.2d 824 (1988). As the courts of Connecticut have consistently held, remedial legislation must be construed liberally. Barrett Builders v. Miller,215 Conn. 316, 323, 576 A.2d 455 (1990).
The initial determination for the court is whether the contract between the plaintiff and the defendant is governed by the Home Improvement Act. General Statutes § 20-419(4), in pertinent part, supplies the following CT Page 8111 definition of "home improvement:"
 Home improvement includes but is not limited to, the repair, replacement, remodeling, alteration, conversion, modernization, improvement, rehabilitation or sandblasting of, or addition to any land or building or that portion thereof which is used or designed to be used as a private residence or dwelling place, or the construction, replacement, installation or improvement of driveways, swimming pools, porches, garages, roofs, siding, insulation, solar energy systems, flooring, patios, landscaping, fences, doors and windows and water-proofing in connection with such land or building or that portion thereof which is used or designed to be used as a private residence or dwelling place, in which the total cash price paid for all work agreed upon between the contractor and the owner exceeds two hundred dollars. . . .
Conn. General Statutes 20-419(4).
The concept of "home improvement" is divided into two categories. The first is a generalized listing of acts qualified by the words "includes but is not limited to." The second is a list of specific items; the construction, replacement or installation of which constitutes a home improvement. House moving is not specifically mentioned in the second category; accordingly, the question to be decided is whether it should be included in the first category.
In the court's view, the present contract would undoubtedly qualify as a home improvement contract according to the first category of generalized activities. The moving of a portion of the plaintiff's residence would reasonably fit into any of the following categories: a remodeling, an alteration, a conversion, an improvement, or a rehabilitation. Moreover, the contract, which is signed by both parties and presumably provided by the defendant, specifically states that the sale is subject to the terms of the Home Improvement Act. For the foregoing reasons, the Home Improvement Act CT Page 8112 governs this action.
Conn. General Statutes § 20-420, in pertinent part, provides:
"Registration of contractors and salesmen required. (a) No person shall hold himself out to be a contractor or a salesman without first obtaining a certificate of registration from the commissioner as provided in this chapter. . . ." § 20-420. Furthermore, General Statutes § 20-427, in pertinent part, provides:
 (b) No person shall. . . . (5) offer to make or make any home-improvement without having a current certificate or registration under this chapter. . . . (8) fail to refund the amount paid for a home improvement within ten days of a written request mailed or delivered to the contractor's last known address, if no substantial portion of the contracted work has been performed at the time of the request and more than thirty days has elapsed since the starting date specified in the written contract. . . . A violation of any of the provisions of this chapter shall be deemed an unfair or deceptive trade practice under subsection (a) of [CUTPA] § 42-110b.
(Emphasis added.) § 20-427.
The defendant has admitted in his interrogatory responses, (Plaintiff's Exhibit D), and in his affidavit, that he did not have a current certificate or registration to hold himself out to be a home improvement contractor. Moreover, the defendant has failed to offer any evidence to dispute the plaintiff's assertions in his pleadings, affidavit, and exhibits that no substantial portion of the contracted work has been performed, and that the defendant has failed to refund the plaintiff's nine thousand dollars after a written request (Plaintiff's Exhibit E), and that more than 30 days has elapsed since the written contract starting date.
According to the clear terms of the Home Improvement Act, the defendant's undisputed failures to comply with the registration CT Page 8113 requirement, § 20-427(5), and with the refund obligation, § 20-427(8), are per se violations of CUTPA. Woroneckiv. Trappe, 228 Conn. 574, 579, ___ A.2d ___ (1994); A.Secondino Son, Inc. v. Loricco, 215 Conn. 336, 343,576 A.2d 464 (1990). For the foregoing reasons, the plaintiff is entitled to judgment as a matter of law. The plaintiff's motion for summary judgment on count four of his complaint is granted.
RICHARD A. WALSH, J.