[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#108.01)
The plaintiff, Michael Agostino, filed a three count complaint, dated April 20, 1994, in breach of contract, quantum meruit and unjust enrichment against the defendants, Arthur and Vivian Schulte. The plaintiff alleges in his complaint that he was hired by the defendants to provide caretaker services, in exchange for which the plaintiff would live on the defendants' premises without charge. The plaintiff further alleges that he subsequently entered into a separate oral agreement with the defendants to repair the caretaker's apartment in return for monetary compensation for time and materials. The plaintiff alleges that the defendants have failed to compensate him for these services.
On August 25, 1994, the defendants filed a motion for summary judgment on the ground that the plaintiff's action is barred by the Home Improvement Act (HIA), General Statutes § 20-418, et. seq. The defendants filed a memorandum of law in support, a transcript of the plaintiff's deposition, and a letter from the Department of Consumer Protection stating that the plaintiff did not have a Connecticut Home Improvement Contractor's Certificate of Registration during the period in question. The plaintiff filed a memorandum of law in opposition on March 9, 1995, an affidavit of the plaintiff, and a court transcript. The defendants filed a supplemental memorandum of law in support on November 9, 1995.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Barrett v. DanburyHospital, 232 Conn. 242, 250, 654 A.2d 748 (1995). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v. Kissner, 229 Conn. 213, 217,640 A.2d 89 (1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue."Id. "It is not enough, however, for the opposing party merely to assert the existence of such an issue. Mere assertions of fact CT Page 934 . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Water and Way Properties v. Colt'sManufacturing Co., 230 Conn. 660, 665, 646 A.2d 143 (1994).
The defendants contend that the plaintiff's claim is barred by the HIA. The plaintiff asserts that the agreement was not a home improvement contract under the HIA, pursuant to General Statutes §§ 20-419(4)(E) and 20-419(6), and therefore the agreement entered into with the defendants need not comply with the HIA.
General Statutes § 20-419(4)(E) provides that "home improvement" does not include "any work performed withoutcompensation by the owner on his own private residence or residential rental property. (Emphasis added.) Section 20-419(6) provides in pertinent part that "`[o]wner' means a person who owns or resides in a private residence and includes any agent thereof." The plaintiff argues that he was an agent of the owner, and performed work on the owner's private residence, therefore, the agreement is not subject to the HIA. The plaintiff alleges in his complaint, however, that he performed the work on the caretaker's apartment "in exchange for monetary compensation." In his affidavit the plaintiff also attests that he "entered into an oral agreement with Defendants that [he] would repair the caretaker's apartment . . . in exchange for monetary compensation for time and materials expended . . . ." Because the plaintiff alleges and attests that his work was to be performed in exchange for compensation, it is defined as a home improvement and falls within the provisions of the HIA.
"A contract is subject to the requirements of the HIA if it constitutes an agreement between a contractor and an owner for the performance of a home improvement." (Internal quotation marks omitted.) Rizzo Pool Co. v. Del Grosso, 232 Conn. 666, 676,___ A.2d ___ (1995). Section 20-419(3), in pertinent part, defines a contractor as "any person . . . who undertakes, offers to undertake or agrees to perform any home improvement." The plaintiff has alleged that he entered into an oral agreement to perform repairs on the caretaker's apartment in return for compensation. General Statutes § 20-429 precludes recovery on an oral home improvement contract, and furthermore, absent bad faith on the part of the homeowner, also does not allow recovery in quasi contract. ASecondino Son, Inc. v. LoRicco, 215 Conn. 336, 340, 576 A.2d 464
(1990). Because the plaintiff is seeking to recover on an oral CT Page 935 home improvement contract, and he has not alleged any bad faith on the part of the homeowners, the plaintiff's claims are barred by the HIA. Accordingly, the defendants' motion for summary judgment is granted.