[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE No. 113
The plaintiffs' motion to strike (#113) counts two and three of the defendants' Gerard Cahill and Gerard Cahill d/b/a Clear Glass of Danbury revised counterclaim, dated December 10, 1996, on the ground that a home improvement contractor cannot collect damages in quantum meruit or for work performed pursuant to an oral contract, is hereby denied. First, the plaintiffs' motion to strike count three of the defendants' revised counterclaim, alleging breach of an oral contract, is moot. Subsequent to the filing of the plaintiffs' motion to strike on December 30, 1996, the defendants filed third and fourth revised counterclaims, dated January 8, 1997 and January 17, 1997, respectively. Neither of these revised counterclaims contain allegations sounding in breach of an oral contract. Pursuant to Practice Book § 174, an amended pleading to which the opposing party has not objected within fifteen days from the date of filing is deemed to have been filed with the consent of the adverse party. No such objection as to the third or fourth revised counterclaims exists in the present case. Moreover, Practice Book § 177 provides that if a party fails to amend its previous pleadings in response to an amended pleading of the adverse party, "pleadings already filed by him shall be regarded as applicable so far as possible to the amended pleading." See also Practice Book § 112 (motion to strike constitutes a pleading for the purposes of this chapter). Therefore, for the purposes of the present motion to strike, the operative counterclaim is the defendants' fourth revised counterclaim dated January 17, 1997. Because the fourth revised counterclaim contains no allegations of the plaintiffs' breach of an oral contract, the plaintiffs' motion to strike count three of the counterclaim on that ground is moot.
The plaintiffs' motion to strike count two of the counterclaim, alleging quantum meruit, is also denied. The plaintiff argues that pursuant to the Home Improvement Act (HIA), General Statutes § 20-418 et seq., a home improvement contractor cannot recover under a theory of quantum meruit. Our CT Page 5982 Supreme Court has held, however, that a contractor who has failed to comply with the HIA's written contract requirement may recover upon proof of bad faith on the part of the homeowner. Habetz v.Condon, 224 Conn. 231, 237, 618 A.2d 501 (1992); A. Secondino Son, Inc. v. Loricco, 215 Conn. 336, 340, 576 A.2d 464 (1990);Barrett Builders v. Miller, 215 Conn. 316, 576 A.2d 455 (1990). In paragraph 16 of count two of the fourth revised counterclaim, the defendant alleges that the plaintiffs "have, in bad faith, either refused, neglected or failed to pay the remaining balance in the amount of $15,989.00." Since the plaintiffs have not challenged the legal sufficiency of the defendants' allegations of bad faith, the court will not address this issue. See Blancatov. Feldspar Corporation, 203 Conn. 34, 44, 522 A.2d 1235 (1987) an ruling on a motion to strike, the trial court can consider only the grounds raised by the motion.). The plaintiffs' motion to strike is, accordingly, denied.
Stodolink, J.