[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (#104)
This is a suit seeking damages for the alleged breach of a home improvement contract. The plaintiff, Tim Strazar d/b/a Homebuilders (hereinafter "Strazar") alleges in his revised complaint that on April 29, 1998 he entered into a contract with the defendant, Graham Side ("Side") to remodel the kitchen at 18 Fair Street, #11, Guilford, Connecticut. Strazar farther alleges that he substantially completed the work but that Side, on June 22, 1998, asked him to cease work and would not let Strazar return to complete the project. Strazar claims that a balance of $4,431.00 is due him for labor and material. A copy of the contract is attached to the revised complaint.
Side has moved to strike the revised complaint asserting that, as a matter of law, the contract is unenforceable for failure to comply with the Home Improvement Act., General Statutes §20-418 et seq. Specifically, Side claims that the contract fails to include a cancellation provision in the form and style mandated by §§ 20-429 (a)(6) and 42-135a (2). For the reasons set forth below the motion to strike is granted.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. Peter-Michael, Inc. v.Sea Shell Associates, 244 Conn. 269, 270 (1998); see also Gulackv. Gulack, 30 Conn. App. 305, 309 (1993) (the proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial). CT Page 309
As applicable here, § 20-429 (a) provides:
 "No home improvement contract shall be valid or enforceable against an owner unless it: . . . (6) contains a notice of the owner's cancellation rights in accordance with the provisions of chapter 740 . . ."
Chapter 740 codifies the Home Solicitation Sales Act. The notice of cancellation provisions of the Act are set forth in § 42-135a(2) which provides:
 "No agreement of the buyer in a home solicitation sale shall be effective . . . if the seller shall . . . (2) Fail to furnish each buyer, at the time he signs the home solicitation sales contract or otherwise agrees to buy consumer goods or services from the seller, a completed form in duplicate, captioned "NOTICE OF CANCELLATION", which shall be attached to the contract or receipt and easily detachable, and which shall contain in ten-point boldface type the following information and statements in the same language as that used in the contract:
NOTICE OF CANCELLATION
 __________________________ (Date of Transaction)
 YOU MAY CANCEL THIS TRANSACTION, WITHOUT ANY PENALTY OR OBLIGATION, WITHIN THREE BUSINESS DAYS FROM THE ABOVE DATE.
 IF YOU CANCEL, ANY PROPERTY TRADED IN, ANY PAYMENTS MADE BY YOU UNDER THE CONTRACT OR SALE, AND ANY NEGOTIABLE INSTRUMENT EXECUTED BY YOU WILL BE RETURNED WITHIN TEN BUSINESS DAYS FOLLOWING RECEIPT BY THE SELLER OF YOUR CANCELLATION NOTICE, AND ANY SECURITY INTEREST ARISING OUT OF THE TRANSACTION WILL BE CANCELLED.
 IF YOU CANCEL, YOU MUST MAKE AVAILABLE TO THE SELLER AT YOUR RESIDENCE, IN SUBSTANTIALLY AS GOOD CONDITION AS WHEN RECEIVED, ANY GOODS DELIVERED TO YOU UNDER THIS CONTRACT OR SALE; OR YOU MAY, IF YOU WISH, COMPLY WITH THE INSTRUCTIONS OF THE SELLER REGARDING THE RETURN SHIPMENT OF THE GOODS AT THE SELLER'S EXPENSE AND RISK.
 IF YOU DO MAKE THE GOODS AVAILABLE TO THE SELLER AND THE CT Page 310 SELLER DOES NOT PICK THEM UP WITHIN TWENTY DAYS OF THE DATE OF CANCELLATION, YOU MAY RETAIN OR DISPOSE OF THE GOODS WITHOUT ANY FURTHER OBLIGATION. IF YOU FAIL TO MAKE THE GOODS AVAILABLE TO THE SELLER, OR IF YOU AGREE TO RETURN THE GOODS TO THE SELLER AND FAIL TO DO SO, THEN YOU REMAIN LIABLE FOR PERFORMANCE OF ALL OBLIGATIONS UNDER THE CONTRACT.
 TO CANCEL THIS TRANSACTION, MAIL OR DELIVER A SIGNED AND DATED COPY OF THIS CANCELLATION NOTICE OR ANY OTHER WRITTEN NOTICE, OR SEND A TELEGRAM TO
 ____________________ AT _______________________________________ (Name of Seller) (Address of Seller's Place of Business)
 NOT LATER THAN MIDNIGHT OF ______________. (Date)
I HEREBY CANCEL THIS TRANSACTION.
 _______________ (Date)
 ___________________________ (Buyer's Signature)
The contract between Strazar and Side at issue in this case contained the following language relating to the buyer's right to cancel:
 6. This Contract Proposal is subject to the terms conditions described herein. You, the buyer, may cancel this transaction at any time prior to midnight of the third business day after the date of this signed transaction. (Per State of Conn. Statute.)
This contract provision does not comply with the statutory mandate in several respects. First, the notice of cancellation is not attached to the contract and easily detachable, nor is it in duplicate. Rather, it is included as one of the number paragraphs in the body of the contract. Second, it does not follow the form of notice as set forth in § 42-135 (a)(2) noted above. In particular the contract language does not indicate that cancellation, (1) is without penalty, and (2) will result in the return of payments made by the buyer. Nor does the contract language provide specific instructions as to how to execute the right of cancellation. Third, the contract language is not in the CT Page 311 conspicuous bold face type required by the statute.
Our Supreme Court has consistently held that the requirements of the Home Improvement Act are mandatory and that a contractor is precluded from enforcing a home improvement contract that does not satisfy its requirements. Wright Bros. Builders, Ind. v.Dowling, 247 Conn. 218, 228 (1998). Indeed, in the absence of bad faith, a homeowner is privileged to repudiate a home improvement contract that violates the act. Wadia Enterprises, Inc. v.Hirschfeld, 224 Conn. 240, 247 (1992); Barrett Builders,215 Conn. 316, 328 (1990); A. Secondino Son, Inc. v. LoRicco,215 Conn. 336, 340 (1990); Liljedahl Bros. Inc. v. Grigsby,215 Conn. 345, 350 (1990). The mandatory nature of the requirements serves to advance the primary purpose of the statute, which is to protect consumers from unscrupulous contractors. Wright Bros.,Inc. v. Dowling, supra 247 Conn. 229.
In Wright Bros., Inc. v. Dowling, the Supreme Court observed that while the requirements of § 20-429 (a) are mandatory, the section has never been applied so as to require perfect, ritualistic compliance as a condition precedent to recovery by a contractor. Id. Wright Bros. involved a situation where the notice of cancellation did not comply with the statutory requirements because it was not in duplicate and the date of transaction was not filled in on the form. On the record in that case, the Court held that the contract satisfied the requirements of § 29-429 (a) of the Home Improvement Act and the Act did not bar enforcing the contract.
Strazar asserts that the deviations in the notice of cancellation are "technical flaws" and, as in Wright Bros.,
should not bar enforcement of the contract. Strazar's brief suggests that the only deviation is that the cancellation notice is not in the required typeset. Were this the only deviation, his argument would be more persuasive. As noted above, however, the "notice" in the contract fails to provide the buyer with material information about the buyer's rights and fails to provide the mechanism to enforce those rights as required by statute. This is not a "technical flaw" but a material deviation from the mandatory requirements of the Act.
For the reasons set forth above, the motion to strike is granted.
So Ordered at New Haven, Connecticut this 7th day of January, CT Page 312 2000.
Devlin, J.