[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE DATED MARCH 26, 2002 
CT Page 6517
I. Background
The plaintiff has alleged seven causes of action arising of home improvement work done by the defendants on the plaintiff's home. Prior to filing this suit, the plaintiff paid the defendants in accordance with the bills submitted.
Count Four alleges that the defendants violated CUTPA through violation of Connecticut's Trade Names Statute; Connecticut General Statute 35-1; Connecticut's Home Improvement Act; Connecticut General Statute 20-418,et seq.; and Connecticut's Home Solicitation Sales Act, Conn. General Statutes 42-134 et seq.
Count Seven alleges that the plaintiff is entitled to get her money back because of violation by the defendants of various sections of the Connecticut Home Improvement Act.
The defendants have filed a Motion to Strike Counts Four and Seven of the complaint. As to Count Four, the defendants claim it should be stricken because the CUTPA claim is derivative of, and based solely on statutory violations that fail to state a claim upon which relief may be granted. As to Count Seven, the defendants claim it should be stricken because the Home Improvement Act does not provide an independent cause of action to a homeowner seeking recovery from a contractor.
II. Standard For Motion To Strike
A motion to strike made pursuant to Practice Book § 10-39 et seq. is the proper means by which to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142 (1989). "The sole inquiry at this stage is whether . . . allegations, if proved, state a cause of action." Levine v. Sigel Hebrew Academy of Greater Hartford, Inc.,39 Conn. Sup. 129, 132 (1983). In considering a motion to strike, the Court must admit all well-pleaded facts, Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985), and construe all facts most favorably to the plaintiff. Gordon v. Bridgeport Housing Auth., 208 Conn. 161, 170 (1988). However, the Court "does not admit legal conclusions or the truth oraccuracy of opinions stated in the pleadings." Mingachos,196 Conn. at 108 (emphasis in original).
III. Discussion — Count Seven
Although the issue raised here has not been ruled on by either of CT Page 6518 Connecticut's Appellate Courts, there are many Superior Court decisions on this precise issue.
This count aligns itself with the vast majority of Superior Court decisions holding that the Home Improvement Act does not provide a homeowner with an affirmative cause of action, for the reasons stated in those cases. These cases are cited throughout the defendants' Memorandum of Law and Reply Brief, and there is no need to repeat them. Suffice it to say that this count seeks to recover money based solely on a statute that unambiguously does not go beyond protecting homeowners from actions brought against them by contractors seeking to enforce contracts made in violation of the Act.
IV. Discussion — Count Four
As to Count Four, violation of CUTPA through statutory violations, the plaintiff alleges that the defendants committed per se violations of CUTPA by violating the Home Improvement Act, the Home Sales Solicitation Act and the Trade Names Statute. The defendants assert that there is no independent cause of action for violation of the three above named statutes, and therefore no derivative cause of action under CUTPA.
All of these three statutes expressly provide that any failure to comply with their provisions shall be deemed to be an unfair or deceptive trade practice under CUTPA.
Furthermore, the Connecticut Supreme Court has stated:
 The plaintiff's undisputed failure to comply with the Home Improvement Act's written contract requirement is a per se violation of CUTPA by virtue of General Statutes § 20-427 (b), which provides that any violation of the Home Improvement Act is deemed to be an unfair or deceptive trade practice.
A. Secondino Son, Inc. v. LoRicco, 215 Conn. 336, 343 (1990).
The plaintiff has made sufficient, specific allegations of acts by the defendants constituting violations of each of the three statutes.
Therefore, the court concludes that the plaintiff has stated a proper CUTPA claim in Count Four.
V. Conclusion
The defendants' Motion To Strike Count Seven is granted; their Motion CT Page 6519 To Strike Count Four is denied.
__________________ Walsh, J.